Filed 8/5/22 P. v. Brooks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093996 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08623) |
| v. | |
| ROY BROOKS, | |
| Defendant and Appellant. | |

Defendant Roy Brooks appeals the trial court's order denying the Department of Corrections and Rehabilitation's (CDCR) recommendation to consider recalling his sentence and resentencing him. Defendant argues recent statutory changes to the recall and resentencing provision apply to his case and require reconsideration, and the People agree. We agree with the parties and will reverse and remand the matter.

1

BACKGROUND

In 2012, a jury found defendant guilty of assault with a firearm (Pen. Code, § 245, subd. (a)(2));[1] discharging a firearm in a grossly negligent manner (§ 246.3); possession of a firearm by a convicted felon (former § 12021, subd. (a)); misdemeanor criminal threat (§ 422); and misdemeanor vandalism. (§ 594, subd. (a).) As to the assault count, the jury also found true an allegation defendant personally used a firearm. (§ 12022.5, subd. (a).) The trial court found defendant had three prior serious felony convictions. (§§ 667, 1170.12.) The court proceeded to sentence defendant to an aggregate term of 29 years four months, comprised of: eight years for the assault count (the upper term, doubled), plus 10 years for the firearm enhancement; 16 months for the possession of a firearm count (one-third the midterm, doubled), five years for each of the prior serious felony convictions, with one of the sentences stayed under section 654; and time served for the two misdemeanor counts. The court stayed the sentence on the discharging a firearm in a grossly negligent manner count.[2]

In 2021, the Secretary of the CDCR (Secretary) sent a letter to the trial court recommending the recall and resentencing of defendant under former section 1170, subdivision (d)(1), which authorized a court, at any time after receiving a recommendation from the CDCR, to recall an inmate's sentence and resentence that inmate to a lesser sentence. The Secretary stated, "[T]he COVID-19 pandemic has created an urgent necessity to decrease [the CDCR's] in-custody population," especially for inmates such as defendant, "who has been determined to be at particularly high-risk of serious complications should he contract COVID-19." The Secretary noted defendant

---

[1] Undesignated statutory references are to the Penal Code.

[2] On direct appeal, we modified the judgment to impose a sentence on this count; our modification did not change the aggregate sentence. (*People v. Brooks* (Feb. 26, 2015, C072134) [nonpub. opn.].)

2

had served his base term and was sentenced before the passage of Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013), which granted courts discretion to strike serious felony enhancements in the interest of justice, and Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682), which granted similar discretion as to firearm enhancements. Defendant had received two disciplinary infractions, but had "remained disciplinary free since October of 2020."

The trial court did not appoint counsel, provide notice to defendant, or hold a hearing on the recommendation. Rather, in March 2021, the court issued a written order declining to recall defendant's sentence. Observing defendant had been sentenced to "the upper term for the principal term and on the enhancement," the court found that the sentencing court "would have not been inclined to strike the [ ] section 12022.5 allegation or punishment if it had had the discretion to do so." The court also noted defendant's behavior in custody, which included two rules violation reports and two "counseling chronos," suggested incarceration was still warranted, particularly given defendant's lengthy criminal history. Finally, the court stated it was unclear why defendant was at elevated risk from COVID-19, given the availability of COVID-19 vaccines.

On January 1, 2022, while defendant's appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) (Assembly Bill 1540) came into effect, and, among other things, moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to new section 1170.03.

## DISCUSSION

Defendant argues Assembly Bill 1540, which establishes new procedural and substantive requirements for recall and resentencing requests, clarifies existing law and therefore applies to cases involving the interpretation of former section 1170, subdivision (d)(1). As a result, defendant asserts his case must be remanded so the trial court may apply the new requirements. The People agree the trial court should reconsider the request in light of the statutory amendments. We agree with the parties.

3

"Former section 1170[, subdivision] (d)(1) authorized a trial court, at any time upon the recommendation of the Secretary, to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' This same language is contained in section 1170.03, which is where Assembly Bill 1540 moved the recall and resentencing provisions of former section 1170[, subdivision] (d)(1). (§ 1170.03, subd. (a)(1).)

"Former section 1170[, subdivision] (d)(1) (and now section 1170.03) authorizes the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. [Citations.] The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' [Citation.]

"In addition to moving the recall and resentencing provisions of former section 1170[, subdivision] (d)(1) to section 1170.03, Assembly Bill 1540 also clarifies the required procedures including that, when recalling and resentencing, the court 'shall . . . apply any changes in law that reduce sentences or provide for judicial discretion.' (§ 1170.03, subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1170.03, subds. (a)(6)-(8), (b)(1).) In addition, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety.' (§ 1170.03, subd. (b)(2).)" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

In *People v. McMurray, supra*, 76 Cal.App.5th 1035, we concluded: "[T]he Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make

4

clarifying changes' to former section 1170[, subdivision] (d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. [Citation.] . . . Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03. [Citation.] This is especially true here, given that the trial court failed to provide defendant with notice of the recommendation from the CDCR, appoint counsel for defendant, hold a hearing, or state its reasons for declining to recall and resentence defendant." (*McMurray, supra*, at p. 1041.)

Although the trial court in this case stated its reasons for declining to recall and resentence defendant, it did not follow the other procedures now required by section 1170.03. As in *McMurray*, reconsideration of the CDCR's request under the provisions of Assembly Bill 1540—including the presumption in favor of recall and resentencing—is thus warranted. We express no opinion as to the appropriate outcome of such reconsideration.[3]

---

**3**     Defendant further argues the trial court incorrectly applied its discretion under former section 1170, subdivision (d)(1) by denying the CDCR's request based on what the sentencing court would have done with respect to defendant's sentence enhancements. Because we will remand the case for reconsideration under the new statute, we need not reach defendant's argument. We similarly decline to address defendant's argument that we should reverse and remand the matter under *In re Estrada* (1965) 63 Cal.2d 740.

## DISPOSITION

The order declining to recall and resentence defendant is reversed.  The matter is remanded for reconsideration of the CDCR's recommendation to recall and resentence defendant, in accordance with section 1170.03.

                                             _____KRAUSE_____, J.

We concur:

_____ROBIE_____, Acting P. J.

_____HULL_____, J.

6